UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. _____

WAYNE FRANCIS EDSON, ON BEHALF OF
HIMSELF AND SIMILARLY SITUATED
PERSONS,

    PLAINTIFFS,

v.

TRANSWORLD SYSTEMS INC.,

    DEFENDANT.

## CLASS ACTION COMPLAINT

Plaintiff, Wayne Francis Edson, on behalf of himself and similarly situated persons, by and through undersigned counsel, hereby files this Class Action Complaint:

### INTRODUCTION

1. This case involves Defendant's systematic pattern and practice of violating the Florida Workers' Compensation Act's ("FWCA") strict prohibition against sending medical bills to workers' compensation claimants in the State of Florida. Fla. Stat. 440.13(13)(a). The statute also clearly provides that claimants are not legally responsible for such bills. Fla. Stat. 440.13(3)(g). This practice also violates the Florida Consumer Collections Practices Act ("FCCPA") and the federal Fair Debt Collection Practices Act ("FDCPA"). In addition, Defendant has systematically violated the FCCPA by communicating with "debtors" even through Defendant should have known that they were represented by attorneys (easily discovered by checking the website of the Judge of Compensation Claims public website). This action should be maintained as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure because there is numerosity, commonality, typicality, adequacy, and superiority.

1

## JURISDICTION AND VENUE

2. This action arises under diversity jurisdiction, as Plaintiff is a resident of Florida and Defendant is a foreign corporation. This Court also had federal question jurisdiction because Plaintiff sues, *inter alia*, under a federal statute, the FDCPA.

3. The Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

4. Venue lies in this District pursuant to 28 U.S.C. § 1391(b) because Defendant has regularly conducted business in this District and the debt collection letters to Mr. Edson were received in this District.

## PARTIES

5. Plaintiff **Wayne Francis Edson** is a person of the full age of majority, domiciled and residing in Palm Beach County, Florida, specifically at 1201 West Broward Street, Lantana, Florida 33462-3013.

6. Defendant **Transworld Systems Inc.** ("TSI") is registered with the State of Florida as an active foreign corporation (California), with a principal business address of 500 Virginia Dr., Ste. 514, Fort Washington, Pennsylvania19034.

7. TSI is a debt collection agency.

8. According to TSI's website, tsico.com, TSI is "a top-rated debt collection agency in the United States."

9. According to TSI's website, tsico.com, TSI is "the leading provider of accounts receivable management, debt collections, and loan servicing solutions."

10. According to TSI's website, tsico.com, TSI collected $865 million in 2016.

11. According to TSI's website, tsico.com, TSI has a "service portfolio" of more than $25 billion.

12. According to TSI's website, tsico.com, TSI has 18 service locations.

13. TSI unlawfully sent debt collection letters to patients/consumers/workers' compensation claimants who are Florida residents.

## THE FLORIDA WORKERS' COMPENSATION ACT

14. The Florida Workers' Compensation Act ("FWCA"), Florida Statutes, Chapter 440, provides that a health care provider may not collect or receive a fee from a workers' compensation claimant in the state of Florida.

15. Specifically, Florida Statute 440.13(13)(a) states in relevant part: "A health care provider may not collect or receive a fee from an injured employee within this state, except as otherwise provided by this chapter. Such providers have recourse against the employer or carrier for payment for services rendered in accordance with this chapter."

16. The FWCA also provides that patients are not legally responsible for such bills.

17. Specifically, Florida Statute 440.13(3)(g) states that "[t]he employee is not liable for payment for medical treatment or services provided pursuant to this section except as otherwise provided in this section." F.S. 440.13(3)(g).

18. These provisions were enacted to prevent employees, after suffering an injury in or about the workplace, from receiving annoying and/or harassing debt collection letters. Instead, such bills/letters must be sent, if at all, to the employer or the insurance carrier for the employer.

19. The FWCA defines "employee" in Florida Statute 440.02(15)(a) and (b).

20. Plaintiff and similarly situated persons were "employees" under Florida Statute 440.02(15)(a) and (b).

21. The FWCA is a strict liability statute.

## THE FLORIDA CONSUMER COLLECTION PRACTICES ACT

22. The Florida Consumer Collection Practices Act ("FCCPA"), Florida Statutes, Chapter 559.55 *et seq.*, was enacted to eliminate abusive, unfair, and deceptive debt collection practices in the State of Florida.

23. Defendant is a "consumer collection agency" under F.S. 559.55(3) because it acted as a "debt collector or business entity engaged in the business of soliciting consumer debts for collection or collecting consumer debts…."

24. Defendant is a "debt collector" under F.S. 559.55(3) because it used an "instrumentality of commerce within this state, whether initiated from within or outside this state, in any business the principal purpose of which is the collection of debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another. The term 'debt collector' includes any creditor who, in the process of collecting her or his own debts, uses any name other than her or his own which would indicate that a third person is collecting or attempting to collect such debts."

25. The FCCPA prohibits debt collectors, consumer collection agencies, and original creditors from "willfully communicat[ing] with the debtor…with such frequency as can reasonably be expected to harass the debtor…, or willfully engage in other conduct which can reasonably be expected to abuse or harass the debtor…." F.S. 559.72(7).

26. The FCCPA prohibits debt collectors, consumer collection agencies, and original creditors from "[c]laim[ing], attempt[ing], or threaten[ing] to enforce a debt when such

4

person knows that the debt is not legitimate, or assert[ing] the existence of some other legal right when such person knows that the right does not exist." F.S. 559.72(9).

27. The FCCPA prohibits debt collectors, consumer collection agencies, and original creditors from "[c]ommunicat[ing] with a debtor if the person knows that the debtor is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address, unless the debtor's attorney fails to respond within 30 days to a communication from the person, unless the debtor's attorney consents a direct communication with the debtor, or unless the debtor initiates the communication." F.S. 559.72(18).

28. Acting as a consumer collection agency and/or debt collector, Defendant has violated all of the above-cited provisions of the FCCPA, in their use of the form debt collection notice/letter described in the "FACTS" section below.

29. Because the FWCA prohibits health care providers from collecting or receiving fees from injured employees in the state of Florida, it is a violation of the FCCPA for a health care provider or its agent to attempt to collect a debt from workers' compensation claimants.

## THE FAIR DEBT COLLECTION PRACTICES ACT

30. The federal Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*, makes it illegal for debt collectors to engage in abusive, false, and unfair collection practices. See 15 U.S.C. § 1692a.

31. The FDCPA is a strict liability statute.

32. FDCPA liability is evaluated under the "least sophisticated consumer" standard.

33. Plaintiff and similarly situated persons are "consumers" under the FDCPA, 15 U.S.C. §1692d.

34. Defendant is a debt collector under the FDCPA, 15 U.S.C. §1692a(6), because it has regularly attempted to collect debts alleged to be due to another.

35. The invoices and/or debt collection letters described herein were deceiving, unfair, and/or misleading because they constituted attempts to collect debts that are not legally owed by the patient/workers' compensation claimant.

36. Under the FDCPA, it is illegal to make a demand for payment that does not comply with relevant state law. *See, e.g., Newman v. Checkrite California*, 912 F. Supp. 1354 (E.D. Cal. 1995).

37. The FDCPA prohibits the making of a false representation as to the character, amount, or legal status of any debt. 15 U.S.C. §1692f(2)(A).

38. The FDCPA prohibits the making of a threat to take any action that cannot legally be taken or that is not intended to be taken. 15 U.S.C. §1692f(5).

39. The FDCPA prohibits the use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer. 15 U.S.C. §1692f(10).

40. Defendant has violated all of the above-cited provisions of the FDCPA, by using the form bill/debt collection notice/letter described in the "FACTS" section below.

**FACTS**

41. Defendant operates a high-volume debt collection business.

42. On or about August 18, 2016, Mr. Edson was involved in a work-related accident while working for his employer, Lumes Interiors.

43. On or about August 18, 2016, Mr. Edson initiated a workers' compensation claim under Florida Statute 440 by filing a Notice of Injury.

44. On or about February 13, 2017, Mr. Edson filed a workers' compensation petition for benefits under Florida Statute 440, specifically OJCC case number 17-003622CJS, captioned "Wayne Edson, Employee/Claimant vs. Lumes Interiors, Employer, and Hartford Casualty Insurance Company, Carrier/Servicing Agent." As stated in the Petition, Hartford Casualty Insurance Company was Lumes Interiors' workers' compensation carrier.

45. Thereafter, Mr. Edson received medical care from various health care providers.

46. On or about January 19, 2018, Defendant sent Mr. Edson a debt collection notice/letter by U.S. Mail. It stated that TSI's account number was 73390694; that the current balance was $2,101.00; that the balance was due in full; that the balance was the sum of balances from five (5) accounts; that Plaintiff's accounts had been placed with TSI for collection; that TSI was attempting to collect the balance from him; that TSI was a debt collector; that payment to TSI was required; and that payment could be mailed to TSI, or that that TSI's website should be visited at tsico.com. The creditors were not clearly identified.

47. On or about February 12, 2018, Defendant sent Mr. Edson a debt collection notice/letter by U.S. Mail. It stated that TSI's account number was 73289418; that the current balance was $4,133.00; that the balance was due in full; that the balance was the sum of balances from seven (7) accounts; that Plaintiff's accounts had been placed with TSI for collection; that TSI was attempting to collect the balance from him; that TSI was a debt collector; that payment to TSI was required; and that payment could be mailed to TSI, or that that TSI's website should be visited at tsico.com. The creditors were not clearly identified.

48. On or about March 21, 2018, Defendant sent Mr. Edson a debt collection notice/letter by U.S. Mail. It stated that TSI's account number was 36129073; that the creditor was "Tenet FL Phys Hospitalists"; that the current balance was $1,005.89.00; that the balance was due in full; that Plaintiff's accounts had been placed with TSI for collection; that TSI was attempting to collect the balance from him; that TSI was a debt collector; that payment to TSI was required; and that payment could be mailed to TSI, or that that TSI's website should be visited at tsico.com.

49. Hence, only the third bill/invoice/debt collection letter stated the creditor's name.

50. Upon information and belief, Defendant sent additional, similar invoices/debt collection letters to Mr. Edson after these three.

51. Demand is made that Defendant preserve and maintain all of its records and documents concerning the billing of, and debt collections letters to, Mr. Edson and all other consumers.

52. Defendant knew or should have known, at the time it sent these invoices/debt collections letters, that Mr. Edson was a Florida workers' compensation claimant or had suffered a work-related accident or injury.

53. A simple 30-second look at the Judge of Compensation Claims public website (www.jcc.state.fl.us/jcc), specifically by searching for the Plaintiff's name at the page located at www.jcc.state.fl.us/JCC/searchJCC/searchCases.asp), would have revealed to Defendant that he had a pending workers' compensation claim.

54. Upon information and belief, Defendant has never engaged in this simple process of reviewing the Judge of Compensation Claims public website, nor have they undertaken

any other procedure to determine whether medical bills are linked to claims that are covered by the FWCA.

55. This is prima facie evidence that Defendant does not maintain adequate procedures to avoid billing, and engaging in debt collection activities, with respect to injured workers with workers' compensation claims in Florida.

56. Nonetheless, Defendant sent the debt collection letters to him, in violation of Sections 440.13(3)(g) and 440.13(13)(a) of the Florida Workers' Compensation Act.

57. As stated above, Section 440.13(3)(g) of the Florida Workers' Compensation Act provides: "The employee is not liable for payment for medical treatment or services provided pursuant to this section except as otherwise provided in this section."

58. As also stated above, Section 440.13(13)(a) of the Florida Workers' Compensation Act provides: "A health care provider may not collect or receive a fee from an injured employee within this state, except as otherwise provided by this chapter."

59. Based on the statutory language of Chapter 440, Mr. Edson and similarly situated persons had no obligation, and were not liable for, the alleged outstanding debts claimed by Defendant, and therefore never should have been sent the invoices/debt collection letters described above.

## CLASS ACTION ALLEGATIONS

60. Upon information and belief, Defendant not only has sent unlawful invoices/debt collection letters to Mr. Edson, but also has sent them to numerous other Florida residents who had filed workers' compensation claims.

61. Upon information and belief, Defendant has recklessly and intentionally engaged in a systematic pattern and practice of violating the Florida Workers' Compensation Statute's

strict prohibition against sending medical bills to workers' compensation claimants in the State of Florida.

62. Upon information and belief, Defendant has taken no actions to determine whether patients are Florida workers' compensation claimants.

63. In addition, the form debt collection notice/letter sent to Plaintiff and similarly situated persons also violated the requirements of the FCCPA and the FDCPA cited above.

64. **Classes.** Mr. Edson seeks certification of the following classes of similarly situated persons:

> *All persons who, on or after August 27, 2017, were Florida residents and had a pending workers' compensation claim in the State of Florida when Defendant sent them a bill, invoice, notice of debt, and/or debt collection letter concerning medical services.*

> *All persons to whom Defendant sent a bill, invoice, notice of debt, and/or debt collection letter, of any nature whatsoever, on or after August 27, 2017.*

65. Plaintiff reserves the right to seek the formation of additional and varied classes and sub-classes.

66. This action should be maintained as a class action pursuant to Rule 26 of the Federal Rules of Civil Procedure, governing class actions.

67. **Numerosity.** The members of the proposed classes are so numerous that separate joinder of each class member is impracticable.

68. **Commonality.** The claims or defenses of class representative Wayne Edson raise questions of law and fact that are common to the questions of law and fact of each class member.

69. **Typicality.** The claims or defenses of class representative Wayne Edson are typical of the claims and defenses of each class member.

70. **Adequacy.** Class representative Wayne Edson can fairly and adequately protect and represent the interests of each class member.

71. **Superiority.** The class action mechanism of Rule 23 is superior to individual-claim lawsuits.

72. If any conditions precedent to filing this lawsuit exist, they have been satisfied.

## COUNT 1 OF 3:
## FLORIDA WORKERS' COMPENSATION ACT ("FWCA");
## WAYNE FRANCIS EDSON, ON BEHALF OF HIMSELF AND SIMILARLY SITUATED PERSONS, AGAINST DEFENDANT

73. Plaintiff incorporates by reference the allegations in above paragraphs 1 through 72.

74. Defendant has engaged in a systematic pattern and practice of violating the FWCA's strict prohibition against sending medical bills to workers' compensation claimants in the State of Florida.

75. Plaintiff, on behalf of himself and similarly situated persons, seeks all damages in the premises under the FWCA, Florida Statutes, Chapter 440.13 *et seq.* Plaintiff, for himself and similarly situated persons, also seeks equitable relief, including an injunction against Defendant from further violations of the FWCA.

76. Plaintiff, on behalf of himself and similarly situated persons, seeks punitive damages because Defendant has intentionally and willfully ignored its obligations to refrain from sending bills and collection letters to workers' compensation claimants.

## COUNT 2 OF 3:
## FLORIDA CONSUMER COLLECTION PRACTICES ACT ("FCCPA");
## WAYNE FRANCIS EDSON, ON BEHALF OF HIMSELF AND SIMILARLY SITUATED PERSONS, AGAINST DEFENDANT

77. Plaintiff incorporates by reference the allegations in above paragraphs 1 through 72.

78. Defendant has engaged in a systematic pattern and practice of violating the FWCA's strict prohibition against sending medical bills to workers' compensation claimants in the State of Florida. This practice also violates the FCCPA.

79. Defendant also has violated FCCPA sections 559.55(3), 559.55(5), 559.72(7), 559.72(9), and 559.72(18).

80. Plaintiff, on behalf of himself and similarly situated persons, seeks all damages in the premises under the FCCPA, Florida Statutes, Chapter 559.55 *et seq*.

81. Pursuant to F.S. 559.77, Defendant is liable to Plaintiff and similarly situated persons for actual damages, additional statutory damages of $1,000.00 per class member, punitive damages, costs and attorney's fees. Plaintiff, for himself and similarly situated persons, also seeks equitable relief, including an injunction against Defendant from further violations of the FCCPA.

82. Plaintiff, on behalf of himself and all similarly situated persons, seeks the aforementioned damages and all other damages recoverable under the FCCPA.

83. Plaintiff, on behalf of himself and similarly situated persons, seeks punitive damages because Defendant has intentionally and willfully ignored its obligations to refrain from sending bills and collection letters to workers' compensation claimants.

## COUNT 3 OF 3:
## FAIR DEBT COLLECTION PRACTICES ACT;
## WAYNE FRANCIS EDSON, ON BEHALF OF HIMSELF AND SIMILARLY SITUATED PERSONS, AGAINST DEFENDANT

84. Plaintiff incorporates by reference the allegations in above paragraphs 1 through 72.

85. Defendants is a "debt collector" pursuant to 15 U.S.C. § 1692b because it uses an instrumentality of interstate commerce or the mails in a business the principal purpose of which is the collection of debts, or regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

86. Defendant has violated 15 U.S.C. § 1692a, 15 U.S.C. §1692f(11), 15 U.S.C. §1692f(2)(A), 15 U.S.C. §1692f(5), 15 U.S.C. §1692f(10), 15 U.S.C. §1692f(14), and 15 U.S.C. §1692h(a)(1)-(5).

87. Plaintiff seeks an award of $1,000.00 in statutory damages per plaintiff and class member, a class representative award in an amount to be determined by the court, pre-judgment interest, post-judgment interest, punitive damages, attorneys' fees and costs.

## PRAYER FOR RELIEF

88. WHERFORE, Plaintiff Wayne Edson prays that judgment be entered in favor or him and all similarly situated persons, and against Defendant, for all damages in the premises, including, but not limited to, statutory damages of $1,000 per class member, pre-judgment and post-judgment interest, punitive damages, costs and attorney's fees, as well as an injunction against Defendant to prevent further violations of the FWCA, the FCCPA, and the FDCPA.

## JURY DEMAND

89. Plaintiff, on behalf of himself and similarly situated persons, requests a jury trial for all issues so triable.

Respectfully submitted:


s/ Steven F. Grover

_____
Steven F. Grover (Fla. Bar No. 131296)
Steven F. Grover, P.A.
507 S.E. 11th Ct.
Fort Lauderdale, FL 33316
Tel.: 954-290-8826
E-mail: stevenfgrover@gmail.com
*Lead counsel/co-counsel for Plaintiffs*


s/ Joel A. Brown

_____
Joel A. Brown (Fla. Bar No. 0066575)
Friedman & Brown LLC
5371 N.W. 33 Ave., Suite 205
Fort Lauderdale, FL 33309
Tel.: 954-334-9100
E-mail: joelb@fblegal.com
*Co-counsel for Plaintiffs*


s/ Paul A. Herman

_____
Paul Herman (Fla. Bar No. 0405175)
4801 Linton Blvd.
Suite 11A-560
Delray Beach, FL 33445
Tel.: 561-236-8851
E-mail: paherman1956@gmail.com
*Co-counsel for Plaintiffs*